UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23858-BLOOM
(Case No. 19-cr-20272-BLOOM)

MATTHEW ALEXANDER KING,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ON AMENDED MOTION UNDER 22 U.S.C. § 2255

**THIS CAUSE** is before the Court on Matthew Alexander King's ("Movant") *pro se* Amended Motion Under 28 U.S.C. § 2255, ECF No. [20] ("Amended Motion") raising ineffective assistance of counsel, due process, and actual innocence challenges to his underlying criminal conviction in Case No. 19-cr-20272-BLOOM. The Court has carefully considered the Amended Motion, Respondent's Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Amended Motion is denied on Grounds One, Two, Three, and Five and ruling is reserved on Grounds 4 and 6.

    **I.**    **BACKGROUND**

On May 9, 2019, Movant was indicted on one count of Retaliation against a Federal Official, in violation of Title 18, United States Code, Section 115(a)(1)(B) (Count 1); four counts of Solicitation to Commit a Crime of Violence, in violation of Title 18, United States Code, Section 373(a) (Counts 2-5), and one count of Use of Interstate Commerce Facilities in the Commission

of Murder-for-Hire, in violation of Title 18, United States Code, Section 1958(a) (Count 6). *See* Cr-ECF No. [30] ("Indictment").[1]

On February 10, 2020, Movant executed a written plea agreement in which he agreed to plead guilty to Counts 1 and 6 of the Indictment in exchange for the dismissal of the remaining counts. *See* Cr-ECF No. [53] ("Plea Agreement"). In relevant part, Movant agreed that:

> "By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary."

*Id.* at 6. Movant also adopted the facts provided in the Factual Proffer, *see* Cr-ECF No. [52] ("Factual Proffer"), which states in relevant part:

> "KING was arrested by Special Agent J.G. of the Federal Bureau of Investigation on June 26, 2018, for attempting to hire an individual (A.R.) to murder certain members of his wife's family (N.M., J.M., and M.S.). KING was then prosecuted by Assistant United States Attorney D.N., of counsel to the United States Attorney for the Southern District of Florida. On July 10, 2018, a federal grand jury indicted KING with one count of Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, in violation of Title 18, United States Code, Section 1958(a). The indictment was assigned to United States District Court Judge R.S. and KING retained defense attorney R.A. to represent him.
>
> On October 9, 2018, KING pled guilty before Judge R.S. and admitted the sole count of the indictment. On January 14, 2019, KING was sentenced by Judge R.S. to 97 months imprisonment followed by 3 years of supervised release.
>
> Beginning in October 2018 and continuing through February 2019, KING began verbally asking other inmates in the Federal Detention Center (FDC) in Miami, Florida, to assist him in finding a hit-man to murder the same members of his wife's family referenced above (N.M., J.M., and M.S.). KING also asked for the hit-man to murder the government witness who cooperated against him (A.R.), the federal agent who arrested him (J.G.), the federal prosecutor handling his case (D.N.), his retained attorney (R.A.) and the presiding Judge (R.S.).

---

[1] References to docket entries in Movant's criminal case, Case No. 19-20272-CR-BLOOM, are denoted with "Cr ECF No."

> KING wrote detailed letters on at least fifteen occasions to either an inmate at FDC or to a notional hit-man explaining how he wanted each of these eight victims murdered. KING explicitly stated that he wanted Judge R.S., AUSA D.N., and FBI Agent J.G. murdered because of how KING's case was handled by each of them during his prosecution. He further stated that he wanted confidential informant A.R. murdered because of A.R.'s cooperation with law enforcement which led to KING's arrest. KING specifically named each of the eight victims and describes them with particularity.
>
> On February 6, 2019, law enforcement gave the phone number of an undercover employee (U.C.E. #8543) to an inmate at FDC who informed on KING's plot. The inmate subsequently gave the number to KING, telling KING that it was the contact number of a hit-man. That same date, KING called U.C.E. #8543 on two occasions using a telephone at FDC. In the two calls made by KING, both of which were recorded pursuant to FDC policy, KING solicits U.C.E. #8543 to kill the victims listed herein. In exchange for the murders, KING agrees to pay a sum of currency to U.C.E #8543.
>
> On February 13, 2019, U.C.E. #8543 surreptitiously video recorded a meeting between him and KING at FDC. During the meeting, KING explicitly directs how he wanted U.C.E. #8543 to murder each of the victims and informs U.C.E. #8543 that KING will pay him a sum of currency if the murders are carried out.
>
> KING agrees that, from December 2018 through February 13, 2019, in Miami-Dade County, in the Southern District of Florida, he did threaten to murder United States District Court Judge R.S. on more than two occasions, with the intent to retaliate against R.S. while he was engaged in and on account of the performance of his official duties as a United States Judge, in violation of Title 18, United States Code, Section 115(a)(1)(B) and (b)(4).
>
> KING further agrees that, from December 2018 through February 13, 2019, in Miami-Dade County, in the Southern District of Florida, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, or otherwise endeavor to persuade such other person to engage in such conduct; that is, to murder Assistant United States Attorney D.N. on account of the performance of her official duties, in violation of Title 18, United States Code, Section 1114, and Title 18, United States Code, Section 373(a)."

*Id.* at 1-3. On November 12, 2020, Movant was sentenced to 120 months of imprisonment on each count, to run consecutive to one another. *See* Cr ECF No. [76]. On October 21, 2021, Movant filed a Motion Under 28 U.S.C. § 2255 asserting factual innocence. *See* ECF No. [1]. He was later

3

granted leave to amend his motion, and on January 4, 2022, the instant Amended Motion was docketed. *See* ECF No. [20]. Therein, Movant makes six claims: (1) that he is factually innocent; (2) that his attorney was ineffective for failing to investigate one of the government's witnesses; (3) that his attorney was ineffective for failing to subpoena video footage from the jail where he was housed and failing to hire handwriting and voice print analysis experts; (4) that his due process rights were violated by the government for failing to disclose exculpatory evidence; (5) that his attorney was ineffective for agreeing to a protective order of Jencks material and pressuring King to plead guilty; and (6) that his attorney was ineffective for failing to file a notice of appeal. *See id.*

## II.   LEGAL STANDARD

### A.   Section 2255 Motions

Under section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a) (alterations added). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982) A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete

miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up).

### B.     Actual Innocence

"To establish actual innocence, [movant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* (citation omitted).

### C.     Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### III.   DISCUSSION

#### A.   Timeliness

The parties agree the motion is timely. *See* ECF Nos. [20] at 11, [32] at 5.  Having reviewed the record in full, the Court confirms the same. The parties dispute the merits of Movant's factual innocence claims in Ground One, ineffective assistance of counsel ("IAC") claims in Grounds Two, Three, Five, and Six, and Respondent asserts that Ground Four is procedurally defaulted.

### B.     Ground One

While acknowledging that he "reluctantly pled guilty to Counts 1 and 3 of the indictment at the erroneous advice of his attorney," Movant claims that he is factually innocent. ECF No [20] at 4. He asserts that government witness A.G. impersonated him in the phone calls, emails, and handwritten letters at issue in the case. *See id.* However, Movant fails to mention one key piece of evidence. According to the Factual Proffer:

> "On February 13, 2019, U.C.E. #8543 surreptitiously video recorded a meeting between him and KING at FDC. During the meeting, KING explicitly directs how he wanted U.C.E. #8543 to murder each of the victims and informs U.C.E. #8543 that KING will pay him a sum of currency if the murders are carried out."

*See* Cr-ECF No. [52] at 2-3. In its Response, Respondent provides a screenshot of Movant from the video. *See* ECF No. [32] at 10. Movant did not reply, and at no point has he attempted to explain away that he was caught on video ordering the murders from the FBI undercover employee.

Moreover, during the plea colloquy, the Court specifically asked Movant whether he had the opportunity to view these audio and video recordings before deciding to plead guilty, and Movant answered affirmatively. *See* Cr ECF No. [105] at 22. Courts apply a strong presumption that statements made by a defendant during a change of plea colloquy are true. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). Simply put, Movant was caught on video committing the crimes charged and he admitted to the conduct before the Court. Movant fails to meet the burden for "actual innocence." *See Bousley* 523 U.S. at 623. Accordingly, Ground One is denied.

### C.     IAC Ground Two

Movant claims that his attorney was ineffective for failing to investigate cooperating government witness A.G. *See* ECF No. [10] at 5. He asserts that counsel failed to investigate his

claim that A.G. impersonated him and failed to ascertain A.G.'s extensive criminal history. Movant's claims are refuted by the record.

As for A.G.'s criminal history, Respondent counters that "[t]he government disclosed all of the reports related to A.G., and readily disclosed that we did not call him as a witness in the grand jury because of his federal crimes for fraud and impersonation." *See* ECF No. [32] at 13. The Court finds that Movant has failed to establish that counsel's performance was deficient. *See Strickland*, 466 U.S. at 687-88.

As for Movant's claims that A.G. impersonated him, as discussed in the preceding section, Movant was caught on video committing the crimes charged and he admitted to the conduct before the Court. Movant fails to show that the result of the proceeding would have been different had counsel investigated his baseless claims which were directly refuted by the video evidence. The Court finds that Movant has also failed to establish prejudice. *See id.* at 694. Accordingly, Ground Two is denied.

### D.  IAC Ground Three

Movant claims that counsel was ineffective for failing to subpoena video footage from the jail which would show A.G., or someone paid off by A.G., making the calls. *See* ECF No. 20 at 7. He further claims that counsel was ineffective for failing to hire handwriting and voice recognition experts to refute that he made the phone calls and wrote the letters at issue in the case. *See id.* Movant's claims of IAC are refuted by the overwhelming evidence against him.

Regarding handwriting, the government had Movant's estranged wife and others who personally knew him to identify his handwriting. *See* ECF No. 32 at 9. Moreover, one of the letters contained Movant's fingerprint. *See id.* The government also had numerous witnesses to identify Movant's voice. *See id.* Movant admitted to all of this at his plea colloquy. However, most

importantly, Movant fails to address that he was caught on video committing the crimes charged. The Court finds that even if counsel had hired the experts and subpoenaed the video footage, there is no reasonable probability that the result of the proceeding would have been different given the video evidence of Movant ordering the murders from the FBI undercover employee. *See Strickland*, 466 U.S. at 694 ("[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Accordingly, Movant has failed to establish prejudice and Ground Three is denied. *See id.* at 697 (A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs.).

### D. IAC Ground Four

Movant claims that his due process rights were violated by Respondent's failure to disclose exculpatory evidence. *See* ECF No. [20] at 8. His claims focus entirely on A.G. He asserts that he was denied information concerning A.G.'s criminal history, promises of a sentence reduction in exchange for cooperation, and misconduct as a cooperating witness in an unrelated case. *See id.*

Respondent argues that this ground is procedurally defaulted as it was not raised on direct appeal. *See* ECF No. [32] at 6-7. However, in Ground Six of this motion, Movant claims that he told his counsel to file a notice of appeal and counsel failed to do so. The Court will reserve ruling on Ground Four pending resolution of Ground Six.

### E. IAC Ground Five

Movant argues that his attorney was ineffective for agreeing to a protective order of Jencks material and pressuring King to plead guilty. *See* ECF No. 20-1 at 9-10. The Court again notes that Movant and his attorney had the opportunity to review the video recording obtained by the FBI undercover employee where Movant is not only heard, but also seen, detailing how he wants the

9

federal judge and federal prosecutor murdered. Movant fails to address this key piece of evidence in his motion. Given the overwhelming evidence of guilt, Movant fails to establish prejudice. *See Strickland*, 466 U.S. at 694 ("[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Accordingly, Ground Five is denied. *See id.* at 697 (A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs.).

### F. IAC Ground Six

Movant asserts that his attorney was ineffective for failing to file a notice of appeal after Movant instructed him to do so. *See* ECF No. [20-1] at 10-11. The Court notes that an evidentiary hearing might be necessary on this ground. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). However, Respondent did not address Ground Six in its Response. The Court **ORDERS** that on or before **November 10, 2022**, Respondent shall file a memorandum of fact and law addressing the merits of Ground Six and the issue of whether an evidentiary hearing is warranted.

The Court further **ORDERS** that on or before **November 10, 2022**, Movant must submit a declaration, signed under the penalty of perjury, containing **specific** facts about all communications he had with counsel with respect to potentially filing a direct appeal.[2] These

---

[2] Rule 2 of the Federal Rules Governing § 2255 Proceedings imposes "heightened pleading requirement[s]" on § 2255 movants. *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Likewise, it is well established that conclusory claims of ineffective assistance do not support a *Strickland* claim. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012); *see also Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (*per curiam*); *see also Pio v. United States*, No. 13-23666-CIV, 2014 WL 4384314, at *3 (S.D. Fla. Sep. 3, 2014) ("Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim [under § 2255]") (citing cases)). Likewise, a § 2255 Movant is not "entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc) (citation omitted); *accord Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted).

facts **must** include but are not limited to: (1) when (specifically what date) and where he told his counsel that he wanted to, or was interested in, appealing; (2) when (specifically what date) he learned that there was no appeal filed; (3) what advice counsel provided in this regard; and (4) what was Movant's response to the advice.

It is further **ORDERED** that movant **must** include with his declaration any evidence that supports his claim. Such evidence may include but is not limited to: (1) copies of relevant correspondence (letters) with counsel; (2) certified copies of redacted prison phone and legal mail logs; (3) a certified statement of his inmate account reflecting relevant correspondence with counsel; and (4) evidence of all telephonic communications with counsel.[3]

Movant is expressly cautioned that failure to comply with this order will result in dismissal of Ground Six as insufficiently plead.

G. **Evidentiary Hearing**

A district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). The Court finds the claims in Grounds One, Two, Three, and Five to be patently frivolous and that the motion and the files and records of the case conclusively show that Movant is not entitled to relief. *See* 28 U.S.C. § 2255(b). Therefore, King's request for an evidentiary hearing on these grounds is denied. The Court reserves ruling on the issue of an evidentiary hearing on Grounds Four and Six.

---

[3] Regarding the issues raised in this proceeding, the law is also well settled that, once a motion is filed challenging counsel's effectiveness, the attorney-client privilege is waived with regard to the challenged conduct. *See, e.g.*, *Johnson v. Alabama*, 256 F.3d 1156, 1178-79 (11th Cir. 2001) ("[A] party waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." (citation omitted)). By alleging that his attorney provided ineffective assistance of counsel, the movant put at issue--and thereby waived--any privilege that might apply as to the claims raised in this proceeding.

Case No. 21-cv-23858-BLOOM

### H.      Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, Movant fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, upon consideration of the record, the Court denies the issuance of a certificate of appealability on Grounds One, Two, Three, and Five.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Grounds One, Two, Three, and Five of the Motion, **ECF No. [20],** are **DENIED**. On these grounds, the request for an evidentiary hearing is **DENIED** and no certificate of appealability shall issue.

2. The Court reserves ruling on Grounds Four and Six.

3. On Ground Six, on or before **November 10, 2022**, Respondent is **ORDERED** to file a memorandum of fact and law addressing the merits and the issue of whether an evidentiary hearing is warranted; and Movant is **ORDERED** to file the supplemental declaration and documents described above.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Matthew Alexander King
17576-104
Marion-USP
United States Penitentiary

Case No. 21-cv-23858-BLOOM

Inmate Mail/Parcels
Post Office Box 1000
Marion, IL 62959
PRO SE