UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23858-BLOOM
(Case No. 19-cr-20272-BLOOM)

MATTHEW ALEXANDER KING,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on remaining Grounds Four and Six of Matthew Alexander King's ("Movant") *pro se* Amended Motion Under 28 U.S.C. § 2255, ECF No. [20] ("Amended Motion"), raising ineffective assistance and due process challenges to his underlying criminal conviction in Case No. 19-cr-20272-BLOOM. The Court has carefully considered the Amended Motion, Respondent's Response and Supplemental Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court dismisses Ground Four and denies Ground Six of the Amended Motion.

    **I.**    **BACKGROUND**

On October 12, 2022, the Court issued an Order denying the Amended Motion on all grounds except Grounds Four and Six. *See* ECF No. [35]. In Ground Six, Movant asserts that his attorney was ineffective for failing to file a notice of appeal after Movant instructed him to do so. *See* ECF No. [20-1] at 10-11. The Court noted that an evidentiary hearing might be necessary on this ground; however, because Respondent did not address Ground Six in its Response, the Court ordered Respondent to file a memorandum of fact and law addressing the

merits of Ground Six and the issue of whether an evidentiary hearing is warranted. *See* ECF No. [35] at 10. On November 9, 2022, Respondent filed a Supplemental Response asserting that Movant is not entitled to an evidentiary hearing. *See* ECF No. [36]. The Supplemental Response also contains an affidavit from Movant's counsel detailing his discussions with Movant about his appellate rights as well as a letter memorializing their conversations. *See* ECF No. [36-1]. While counsel did "not believe that we can advance a meritorious appeal," he informed that "if you instruct me to file a notice of appeal, you have a right to do so." *Id.* at 4. In response, Movant sent his attorney a handwritten letter in which he agrees with his attorney's recommendation and concedes that he did not want to file a notice of appeal. *See* ECF No. [36-1] at 6.

The Court further ordered that, on or before November 10, 2022, Movant submit a declaration and any supporting evidence for his claim in Ground Six. *See* ECF No. [35] at 10–11. The Court provided Movant with specific instructions and cautioned that failure to comply will result in dismissal of Ground Six as insufficiently plead. *See id.* To date, Movant has not complied with the Court's Order, nor has he requested additional time to do so.

## II.    LEGAL STANDARD

### A.    Compliance with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.* "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth*

*v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks omitted); accord *Gratton v. Great Am. Commc'ns*, 178 F .3d 1373, 1374 (11th Cir. 1999); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citing *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)).

**B.     Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent

assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

The *Strickland* test also applies to claims of ineffective assistance based on counsel's failure to file an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). If counsel disregards specific instructions from a defendant to file an appeal, then counsel acts in a manner that is professionally unreasonable. *See id.* at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969); other citation omitted).

Even if a defendant does not specifically request counsel to file an appeal, an attorney nonetheless has a constitutional duty to consult with his client about an appeal when: (1) "a rational defendant would want to appeal," or (2) "this particular defendant reasonably demonstrated to

4

counsel that [s]he was interested in appealing." *Id*. at 480 (alteration added). When determining whether a rational defendant would want to appeal, relevant factors include whether the conviction follows a guilty plea, whether the defendant received the sentence bargained for as part of a plea agreement, whether the plea agreement waived appellate rights, and whether there are nonfrivolous grounds for appeal. *See id.*; *see also Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). A guilty plea both "reduces the scope of potentially appealable issues" and indicates that "the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480.

### III.   DISCUSSION

#### A.   Ground Six

Movant asserts that his attorney was ineffective for failing to file a notice of appeal after Movant instructed him to do so. *See* ECF No. [20-1] at 10-11. Movant's bare allegation is belied by the record. The Supplemental Response makes clear that not only did counsel advise Movant of his right to appeal and assure Movant that he would file a notice of appeal if requested, but counsel also reduced these discussions to writing. *See generally* ECF No. [36]. In a handwritten response, Movant agreed with his attorney's recommendation and conceded that he did not want to file a notice of appeal. *See* ECF No. [36-1] at 6. The Court finds counsel's affidavit, letter, and Movant's handwritten response to be credible. Movant was ordered to submit a declaration to support his allegation yet failed to do so. Based on his non-compliance, no evidentiary hearing would be warranted based upon Movant's non-compliance with a court order. *See Moon*, 863 F.2d at 837; *see also Hall v. United States*, No. 9:19-cv-81334-RLR at 10 (S.D. Fla. Oct. 26, 2020) (finding that movant's failure to comply with the court's order provided grounds for not conducting an evidentiary hearing and denying the motion to vacate based on movant's "bare allegation without specific, sworn facts and documentary evidence" that movant told his attorney

to file a notice of appeal) *report and recommendation adopted*, 2021 WL 243795 (S.D. Fla. Jan. 25, 2021).

However, rather than dismissing, the Court addresses the merits of Ground Six. As discussed above, Movant's claim is undermined by counsel's affidavit, letter, and handwritten response from Movant. His bare allegation, without specific, sworn facts and documentary evidence of his communications with counsel, is insufficient to satisfy the *Strickland* standard for ineffective assistance of counsel. Movant's failure to establish deficient performance is fatal to his claim of ineffective assistance. *See Strickland*, 466 U.S. at 697 (A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs.). Accordingly, Ground Six is denied.

**B.     Ground Four**

Movant claims that his due process rights were violated by Respondent's failure to disclose exculpatory evidence. *See* ECF No. [20] at 8. His claims focus entirely on A.G. He asserts that he was denied information concerning A.G.'s criminal history, promises of a sentence reduction in exchange for cooperation, and misconduct as a cooperating witness in an unrelated case. *See id.*

Respondent argues that this ground is procedurally defaulted as it was not raised on direct appeal. *See* ECF No. [32] at 6-7. Movant also concedes that he did not raise this issue on direct appeal. *See* ECF No. [20] at 8. "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "Once the defendant's chance to appeal has been waived or exhausted," courts "are entitled to presume that [the defendant] stands fairly and finally convicted." *Id.* at 164. Having reviewed the record the full, the Court agrees with Respondent that Ground Four is procedurally defaulted.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

To demonstrate "cause and prejudice," Petitioner must show that "some objective factor external to the defense impeded the effort to raise the claim properly in the state court[,]" and that, had the claim been properly raised, "there is at least a reasonable probability that the result of the proceeding would have been different." *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F.3d 682, 688 (11th Cir. 2017).

In contrast, the actual innocence exception can only be met when the petitioner provides new evidence showing that "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner bears the sole burden of proving that either one of these exceptions would excuse a procedural default. *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]") (cleaned up).

Movant fails to meet his burden. Regarding actual innocence, the Court assumes the reader's familiarity with its October 12, 2022 Order. Therein, the Court denied Movant's actual innocence claims noting that "Movant was caught on video committing the crimes charged and he admitted to the conduct before the Court." ECF No. [35] at 7. Substantively, Movant is not actually innocent. Moreover, there is no cause for Movant's default, nor can he show prejudice. Accordingly, Ground Four is dismissed as procedurally defaulted.

### C. Evidentiary Hearing

A district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). The Court finds the claims in Grounds Four and Six to be patently frivolous and that the motion and the files and records of the case conclusively show that Movant is not entitled to relief. *See* 28 U.S.C. § 2255(b). Therefore, Movant's request for an evidentiary hearing is denied.

### D. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, Movant fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, upon consideration of the record, the Court denies the issuance of a certificate of appealability.

## IV. CONCLUSION

Having carefully reviewed the record and governing law, it is **ORDERED AND ADJUDGED** that the Amended Motion, **ECF No. [20]**, is **DISMISSED in part** and **DENIED in part**. Ground Four is **DISMISSED** as procedurally defaulted. Ground Six is **DENIED**. Any request for a certificate of appealability is **DENIED**, and an evidentiary hearing is **DENIED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot. The Clerk of Court is directed to **CLOSE** this case.

Case No. 21-cv-23858-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Matthew Alexander King
17576-104
Marion-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1000
Marion, IL 62959
PRO SE